# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 16-1344 AG (DFMx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | HAMID AND NEDA KHORRAMI v. WELLS FARGO BANK ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

**Proceedings:**     [IN CHAMBERS] ORDERING APPEARANCE TO SHOW CAUSE RE JURISDICTION

Plaintiffs Hamid and Neda Khorrami sued Defendants Wells Fargo, NBS Deafault Services, LLC ("NBS"), Glenwood Trust #27350 ("Glenwood"), and PDQ Investment, LLC ("PDQ") in state court for various claims arising out of a home loan.

Wells Fargo removed the case to federal court, asserting that this Court has subject matter jurisdiction on diversity grounds. Diversity jurisdiction requires that (1) each plaintiff be a citizen of a different state than each defendant and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a).

Wells Fargo states that the amount in controversy requirement is satisfied because the loan amount and value of the property clearly exceed $75,000 and Plaintiffs seek actual damages exceeding $800,000. Wells Fargo also states that there is complete diversity of citizenship between the parties: Wells Fargo is a South Dakota citizen, NBS is a Texas citizen, and Plaintiffs are California citizens. However, Wells Fargo admits that Defendants Glenwood and PDQ are both California citizens but claims they should be ignored in a diversity jurisdiction analysis because they were fraudulently joined parties. Wells Fargo supports this claim by asserting that Plaintiffs' complaint does not allege any wrongful conduct by and seeks no relief from either Glenwood or PDQ.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-1344 AG (DFMx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | HAMID AND NEDA KHORRAMI v. WELLS FARGO BANK ET AL. | | |

Federal courts must guard their limited jurisdiction jealously. *Ghazaryan v. Wells Fargo Bank, N.A.*, 42 F. Supp. 3d 1341, 1342 (C.D. Cal. 2014). The Court is concerned about whether it has jurisdiction. More specifically, Wells Fargo's fraudulent joinder argument is not convincing to the Court.

A defendant trying to get into federal court will often argue that a party the plaintiff brought into the lawsuit was only included to prevent potential or destroy existing diversity in a case where diversity jurisdiction might otherwise exist. For a defendant to succeed on this fraudulent joinder argument, the defendant must convince the court that after resolving "all disputed questions of fact and all ambiguities in the controlling state law . . . in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009). The failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). If a defendant is persuasive, the court is supposed to ignore the citizenship of the fraudulently joined sham defendant when deciding whether there's the requisite diversity of citizenship. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Padilla*, 697 F. Supp. 2d at 1158.

The Court ORDERS Wells Fargo to appear at 9:00 a.m. on August 29, 2016, to show cause why this case should not be remanded for lack of subject matter jurisdiction. The other parties may also appear if they wish.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | | lmb |