JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-1344 AG (DFMx) | Date | September 7, 2016 |
|---|---|---|---|
| Title | HAMID KHORRAMI ET AL. v. WELLS FARGO BANK ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER REMANDING CASE

Plaintiffs Hamid and Neda Khorrami sued Defendants Wells Fargo; NBS Default Services, LLC ("NBS"); and Glenwood Trust #27350, PDQ Investment, LLC ("Glenwood") in state court for claims arising out of a home loan.

Wells Fargo removed the case to federal court, asserting that this Court has subject matter jurisdiction on diversity grounds. In its removal, Wells Fargo named Glenwood Trust #27350 and PDQ Investment, LLC as two separate parties, but Plaintiffs' complaint treated Glenwood as one party. The Court will also treat Glenwood as one party and this treatment does not change the Court's analysis because the entity or entities are both California citizens. Wells Fargo stated that the amount in controversy was met because the loan amount and value of the property clearly exceed $75,000 and Plaintiffs sought actual damages exceeding $800,000. Wells Fargo also tried to argue that complete diversity was met because it is a South Dakota citizen, NBS is a Texas citizen, and Plaintiffs are California citizens. But Wells Fargo argued that Glenwood Trust #27350 and PDQ Investment, LLC, both California citizen, are fraudulently joined and should not be considered in a diversity jurisdiction analysis.

The Court was concerned about subject matter jurisdiction and ordered Wells Fargo to appear at a hearing on August 29, 2016 to show cause as to why this case should not be

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-1344 AG (DFMx) | Date | September 7, 2016 |
|---|---|---|---|
| Title | HAMID KHORRAMI ET AL. v. WELLS FARGO BANK ET AL. | | |

remanded. Wells Fargo did appear but the Court is not convinced that it has subject matter jurisdiction and now REMANDS this case to state court and VACATES the pending Motion to dismiss (Dkt. No. 10) and the pending Motion to Remand. (Dkt. No. 14.)

## 1.   LEGAL STANDARD

### 1.1   Subject Matter Jurisdiction Generally

The Constitution confines federal courts' power to rule to certain subject matters. *See* U.S. Const. art. III, § 2. Courts themselves police their exercise of power. They take this sacred duty seriously and guard their limited jurisdiction jealously. *See Abramson v. Marriott Ownership Resorts, Inc.*, 155 F. Supp. 3d 1056, 1060 (C.D. Cal. 2016).

This jealousy gets expressed in a lot of ways. First, federal courts start off assuming that cases are outside of their power to rule. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts require parties arguing for jurisdiction to establish otherwise. *Id.* Second, federal courts demand that parties arguing for jurisdiction address jurisdiction as soon as they get to the federal courthouse doors, in their complaints or notices of removal. *See* Fed. R. Civ. P. 8(a)(1); 28 U.S.C. § 1446(a). Third, federal courts raise jurisdiction whenever they think it's a question, at any point in a case, on their own without the parties' involvement. *See* Fed. R. Civ. P. 12(h)(3). Fourth, federal courts are particularly skeptical of cases removed from state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The strong presumption against removal jurisdiction means that defendants have the burden of establishing, by a preponderance of evidence, that removal is proper. *See id.* Courts "strictly construe the removal statute against removal jurisdiction," so "[f]ederal jurisdiction must be rejected if there is any doubt" about jurisdiction. *Id.*

### 1.2   Diversity Jurisdiction Specifically

Diversity jurisdiction allows federal courts to rule in civil actions between citizens of different states where the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Further,

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-1344 AG (DFMx) | Date | September 7, 2016 |
|---|---|---|---|
| Title | HAMID KHORRAMI ET AL. v. WELLS FARGO BANK ET AL. | | |

diversity jurisdiction requires that each plaintiff in a case be a citizen of a different state than each defendant—in other words, that there be complete diversity. *See id.*

### 1.3   The Sham Defendant Doctrine

The sham defendant doctrine—sometimes labeled as fraudulent joinder—is implicated here. A defendant trying to get into federal court will often argue that a party the plaintiff brought into the lawsuit was only included to prevent potential or destroy existing diversity in a case where diversity jurisdiction might otherwise exist. To succeed on this argument, the removing party must convince the court that the plaintiff's failure to state a claim against the non-diverse defendant is "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). If the removing party is persuasive, the court is supposed to ignore the citizenship of the fraudulently joined sham defendant when deciding whether there's the requisite diversity of citizenship. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009).

The argument that a plaintiff fraudulently joined the only non-diverse party is increasingly being brought in federal courts. *See Padilla*, 697 F. Supp. 2d at 1157; *see also* E. Farish Percy, Making a Federal Case of It: Removing Civil Cases to Federal Court Based on Fraudulent Joinder, 91 Iowa L. Rev. 189, 191 (2005). As this argument has become more common, so has its misuse.

### 2.   ANALYSIS

No one disputes that Glenwood destroys diversity if it is a party to this case and its citizenship is considered. And if a non-diverse party is joined to a diversity jurisdiction case, the district court must remand the case because it no longer has jurisdiction. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

Wells Fargo must make its showing with the Court resolving "*all* disputed questions of fact and *all* ambiguities in the controlling state law . . . in the [Plaintiffs'] favor." *Id.* (emphases added). The Plaintiffs' failures on this front must be "obvious." *United Computer Sys.*, 298 F.3d

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-1344 AG (DFMx) | Date | September 7, 2016 |
|---|---|---|---|
| Title | HAMID KHORRAMI ET AL. v. WELLS FARGO BANK ET AL. | | |

at 761. If there are *any* doubts, the defendant loses. *See Gaus*, 980 F.2d at 566.

Wells Fargo states that Glenwood is a fraudulently joined party because the complaint doesn't allege any wrongful conduct by and doesn't seek any relief from Glenwood. (Dkt. No. 1 at 6:24–27.) But the complaint alleges that all "Defendants were agents, servants, employees, alter egos, superiors, successors in interest, joint venturers and/or co-conspirators of each of their co-defendants." (Dkt. No. 1 at Ex. A.) And it alleges that "Defendants, and each of them, knowingly and willfully conspired, engaged in a common enterprise, and engaged in a common course of conduct to accomplish the wrongs." (*Id.*) Further, Glenwood was the purchaser of Plaintiffs' foreclosed property at the auction sale, (*Id.* at 8) so it is possible that Plaintiffs might recover from Glenwood, and Glenwood seems far from a sham or fraudulent defendant.

Joining the purchaser of a foreclosed property and alleging that the purchaser was an agent of the bank that foreclosed on the property is not fraud. Glenwood was not a fraudulently joined party and its citizenship must be considered in a diversity analysis. Since there is no complete diversity of citizenship here, this case must be remanded to state court for lack of subject matter jurisdiction.

3.  **DISPOSITION**

The Court REMANDS this case to state court and VACATES the pending Motion to dismiss (Dkt. No. 10) and the pending Motion to Remand. (Dkt. No. 14.)

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |